**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HERBERTO RODRIGUEZ**<br><br>      **v.**<br><br>**COMMONWEALTH OF<br>PENNSYLVANIA, et al.** | **CIVIL ACTION**<br><br>**NO. 13-5046** |

<u>**MEMORANDUM RE PETITION FOR WRIT OF HABEAS CORPUS**</u>

**Baylson, J.**                                                              **August 12, 2014**

**I.      Introduction**

Petitioner Herberto Rodriguez, proceeding *pro se*, filed a Petition for Writ of Habeas

Corpus ("the Petition") under 28 U.S.C. § 2254.  ECF 1.  Rodriguez is incarcerated in a state

correctional institution in Pittsburgh, Pennsylvania pursuant to his conviction for first-degree

murder, possession of an instrument of crime, and violations of the Uniform Firearms Act.

After a jury trial in the Court of Common Pleas of Philadelphia, the trial court sentenced

Rodriguez to life in prison on the murder conviction and an aggregate sentence of six to twelve

years on the remaining convictions.  The Superior Court of Pennsylvania affirmed in part and

vacated in part the judgment of sentence on November 17, 2005.  The Superior Court partially

vacated the judgment of sentence so the trial court could correct a clerical error in Rodriguez's

sentence.  *Commonwealth v. Rodriguez*, Case No. 1616 EDA 2004, slip op. at 7-8 (Pa. Super. Ct.

Nov. 17, 2005).  On March 21, 2006, the Supreme Court of Pennsylvania denied Rodriguez's

request for review.  *Commonwealth v. Rodriguez*, Case No. 725 EAL 2005 (Pa. Mar. 21, 2006).

Rodriguez did not file a petition for writ of certiorari with the Supreme Court of the United

States.

On October 10, 2006, Rodriguez filed a *pro se* petition for state collateral relief pursuant

to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 P.S. § 9541 *et seq.*  Rodriguez's court-appointed counsel filed a "no merit" letter with the PCRA court and moved to withdraw from the case.  On December 18, 2008, the PCRA court dismissed the petition as meritless. *Commonwealth v. Brooks*, Case No. CP-51-CR-1109321-2002 (C.P. Phila. Dec. 18, 2008). Rodriguez did not appeal the PCRA court's order.

On June 7, 2012, petitioner filed a second *pro se* PCRA petition.  On June 25, 2013, the PCRA court dismissed that petition as untimely.  Petitioner appealed to the Superior Court of Pennsylvania.  On April 28, 2014, the Superior Court affirmed the dismissal of the petition. *Commonwealth v. Rodriguez*, Case No. 2242 EDA 2013 (Pa. Super. Ct. Apr. 28, 2014). Rodriguez filed a petition for Allowance of Appeal to the Supreme Court of Pennsylvania on May 5, 2014.

It seems that Rodriguez first attempted to file a federal habeas petition on August 23, 2013.  This petition was dismissed without prejudice after Rodriguez failed to fill out an *in forma pauperis* application or pay the filing fee.  *Rodriguez v. Copazga*, *et al.*, Case No. 13-4942 (E.D. Pa. April 1, 2014).  Rodriguez filed the instant habeas petition on November 14, 2013, which was placed on the docket on November 18, 2013.  ECF 3.  Rodriguez seeks release from prison and an award of thirty million dollars.  Respondents filed a response to the petition on February 1, 2014.  ECF 9.  Rodriguez filed a statement in reply to Respondents' response—styled as a "Motion for Reconsideration"—in which he admits that his habeas petition is untimely but asks that the limitation period be equitably tolled.  Rodriguez explains he is entitled to equitable tolling because (1) prison officials denied him access to his legal materials from November 18, 2008 through January 10, 2012 and (2) he is innocent.  ECF 10.  He requests a hearing to present evidence supporting his claim of innocence.

2

This Court referred the matter to Magistrate Judge Thomas J. Rueter for a Report and

Recommendation ("R & R") on the merits of the petition.  On March 12, 2014, Judge Rueter

filed an R & R recommending that the petition be dismissed as time-barred under the one-year

statute of limitations set forth in 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA").  ECF 11.  Judge Rueter concluded that because Rodriguez had

filed his petition on November 14, 2013—more than seven years after his conviction became

final on June 19, 2006—his petition was untimely.  Judge Rueter further determined that

Rodriguez was not entitled to statutory or equitable tolling because, even assuming prison

officials denied him access to his legal materials through January 2012, Rodriguez did not

diligently pursue his rights after receiving his legal materials after January 2012.  Judge Rueter

also determined that the AEDPA deadline should not be equitably tolled based on Rodriguez's

claim of actual innocence because Rodriguez had not presented any new reliable evidence of his

innocence.  Finally, Judge Rueter recommended that Rodriguez's request for an evidentiary

hearing be denied because Rodriguez's request did not rely on the limited circumstances

permitting an evidentiary hearing in 28 U.S.C. § 2254(e)(2)(A) and (B).

On May 28, 2014, Rodriguez filed objections to Judge Rueter's R & R.  ECF 23.

## II.     Objection: Statutory Tolling Based on Pending State Court Appeal[1]

Rodriguez objects to Judge Rueter's determination that his petition is not entitled to

statutory tolling.  Rodriguez argues that he is entitled to statutory tolling because his second

PCRA petition is on appeal.  *See* 28 U.S.C. § 2244(d)(2) (providing that the time during which a

"properly filed" petition for collateral relief is pending is not counted toward the one-year statute

---

[1]  Rodriguez objects to Judge Rueter's characterization of when he filed his habeas petition.  Judge Rueter concluded that Rodriguez filed his petition on November 14, 2013.  Rodriguez contends that it was filed on August 23, 2013.  The difference in these two dates is immaterial.  For the purpose of this opinion, however, the Court will use August 23, 2013 as the filing date for Rodriguez's petition.

of limitations).  Rodriguez's conviction and sentence became final on June 19, 2006.  At that

point, the AEDPA statute of limitations began to run.  Rodriguez filed his first PCRA petition on

October 10, 2006, 113 days into the AEDPA limitations period.  While the PCRA petition was

adjudicated, the AEDPA limitations period was tolled.  After his first PCRA petition was

dismissed on December 18, 2008, the AEDPA statute of limitations resumed on January 17,

2009—after the thirty-day period for appealing the PCRA court's order to the Superior Court of

Pennsylvania.  *See* Pa. R. App. P. 903; *Swartz v. Meyers*, 204 F.3d 417, 420 (3d. Cir 2000)

(holding that the AEDPA statute of limitations is tolled between a ruling on a PCRA petition and

a timely appeal).  The AEDPA statute of limitations period expired on June 18, 2009.  Rodriguez

first attempted to file a federal habeas petition on August 23, 2013—over four years beyond the

limitations period.

       Rodriguez argues that his second PCRA petition, filed on June 7, 2012, tolls the AEDPA

limitations period.  However, as Judge Rueter pointed out in his R & R, a PCRA petition cannot

toll an already expired AEDPA statute of limitations.  *Dade v. DiGuglielmo*, Case No. 08-217,

2008 WL 2510593, at *4 (E.D. Pa. June 19, 2008); *see also Fried v. Horn*, Case No. 02-8314,

2003 WL 23142179, at *3 (E.D. Pa. Aug. 11, 2003) ("The section 2244 tolling provisions can

only 'pause a clock that has not yet fully run'; they cannot 'restart the clock at zero.'" quoting

*Blasi v. Atty. Gen. of Commonwealth of Pa.*, 30 F. Supp. 2d 481, 485 (M.D. Pa. 1998)).

Moreover, Rodriguez's second PCRA petition is not eligible for statutory tolling because, as the

PCRA court dismissed it as untimely, it was not "properly filed" according to AEDPA's statute

of limitations.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-17 (2005) (observing that an

untimely petition would not be deemed "properly filed" when not in compliance with a

jurisdiction's time limits upon delivery); *Melvin v. Commonwealth*, Case No. 10-159, 2011 WL

39050, at *1 n.2 (E.D. Pa. Jan. 4, 2011) ("Federal courts must defer to the State courts when they specifically rule that a petition is untimely as a matter of State law.").

Accordingly, Rodriguez's petition is not eligible for statutory tolling.

## III.    Objection: Equitable Tolling Based on Interference from Prison Officials

Rodriguez objects to Judge Rueter's determination that his petition is not eligible for equitable tolling despite the alleged actions of prison officials in depriving Rodriguez of his legal materials.  Equitable tolling of the AEDPA limitations period is permitted if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 648-49 (2010) (internal quotation marks and citation omitted).  "The diligence required for equitable tolling purposes is 'reasonable diligence.'"  *Id*. at 653.

For the purpose of his equitable tolling analysis, Judge Rueter assumed that prison officials deprived Rodriguez of his legal materials from November 18, 2008 to January 10, 2012. Denial of access to legal materials warrants equitable tolling in this jurisdiction.  *Robinson v. Johnson*, 313 F.3d 128, 142-43 (3d. Cir 2002).  Judge Rueter concluded that, even if prison officials deprived him of his legal materials during the alleged period, Rodriguez would still not be entitled to tolling because he did not diligently pursue his rights after receiving his legal materials on January 10, 2012.  This Court agrees with Judge Rueter's conclusion.

Rodriguez did not file a timely habeas petition after receiving his legal materials on January 10, 2012.  Instead, he filed a second PCRA petition.  Rodriguez attempted to file his first habeas petition on August 23, 2013—over one year and seven months after receiving his legal materials.  The existence of extraordinary circumstances does not waive a petitioner's duty to diligently pursue his rights.  "Even if a petitioner faces extraordinary circumstances, he must also

5

exercise reasonable diligence in bringing the claims." *Pabon v. Sup't S.C.I. Mahanoy*, 654 F.3d 385, 402 (3d Cir. 2011) (internal quotation marks omitted).  Accordingly, the presumed deprivation of Rodriguez's legal materials does not support Rodriguez's argument that this deprivation resulted in the untimely filing of his federal habeas petition.  *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that the petitioner must exercise reasonable diligence in filing his petition once the extraordinary circumstances end).

Rodriguez objects to Judge Rueter's conclusion about diligence by arguing that his lawyer was ineffective because he did not inform Rodriguez of the various statutory deadlines for collateral relief.  This argument was not presented to Judge Rueter in Rodriguez's petition. This Court will not review this claim because it was raised more than one year after Rodriguez's conviction became final, accounting for appropriate tolling, *Hammond v. Brooks*, Case No. 04-5783, 2009 WL 1507564, at *6 (E.D. Pa. May 29, 2009), and because a district court may refuse to hear claims not presented to the magistrate judge, *see Kirk v. Meyer*, 279 F. Supp. 2d 617, 619 (E.D. Pa. 2003) ("Although the Third Circuit has remained silent on the precise issue, the vast majority of authority holds that a district court may properly refuse to hear claims not first presented to the assigned Magistrate Judge." (citing cases)).

Rodriguez also claims that equitable tolling should apply because he was unaware of the deadlines.  This argument is unavailing.  "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."  *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Larson v. American Wheel & Brake, Inc.,* 610 F.2d 506, 510 (8th Cir.1979) (holding that lack of knowledge of applicable filing deadlines is not a basis for tolling).  "Neither . . . a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period" is a basis for tolling.  *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th

6

Cir. 1991).

Judge Rueter also assumed that Rodriguez asserted actual innocence as a ground for equitable tolling.  *See McQuiggen v. Perkins*, 133 S. Ct. 1924, 1934 (2013) (holding that a showing of actual innocence can be an exception to the AEDPA statute of limitations).  In order to establish a claim of actual innocence as a basis for equitable tolling, a petitioner must offer "new reliable evidence" that shows "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 1935.

Rodriquez has not met this burden.  He has offered no new reliable evidence.  Instead, Rodriguez only reexamines the evidence presented at trial and argues that it is insufficient.

Accordingly, Rodriguez's petition is not eligible for equitable tolling.

### IV.    Objection: Denial of Request for Hearing on Claim of Actual Innocence

Rodriguez objects to Judge Rueter's recommendation to deny an evidentiary hearing. Rodriguez argues that the evidence presented at trial, as he regards its, supports his innocence and thus entitles him to an evidentiary hearing.  *See* ECF 10.

Under 28 U.S.C. § 2254(e)(2), if a habeas petitioner has "failed to develop the factual basis of a claim in State court proceedings," he is not entitled to an evidentiary hearing in federal court unless he can show (1) his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . a factual predicate that could not have been previously discovered through the exercise of due diligence;" and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Rodriguez has failed to assert any of the limited circumstances required by 28 U.S.C. §

2254(e)(2).  He offers only a claim that he is actually innocent of the crimes for which he was convicted.  "The Supreme Court has held that free-standing claims of actual innocence are inappropriate for federal habeas relief."  *Tyson v. Beard*, Case No. 06-290, 2013 WL 4547780, at *10 (E.D. Pa. Aug. 27, 2013) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).  By failing to assert any grounds for a federal hearing enumerated in 28 U.S.C. § 2254(e)(2), and in the absence of any evidence suggesting that he would qualify for any of those grounds, Rodriguez's claim of actual innocence does not warrant an evidentiary hearing.

## V.     Conclusion

For the foregoing reasons, Rodriguez's Objections to the R & R are overruled.  The Court approves and adopts the R & R.  The Petition is dismissed as time-barred under AEDPA's one-year statute of limitations, and there is no basis for issuance of a certificate of appealability.

An appropriate order follows.

O:\CIVIL 13\13-5046 rodriguez v. comm. pa\Memo Denying Petiton for Habeas Corpus 8.12.docx